IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD CRAWFORD,

    Plaintiff,                           No. CIV S-08-3105 JAM EFB

    vs.

WE HALL BUSINESS, et al.,            <u>ORDER AND</u>
                                                 <u>ORDER TO SHOW CAUSE</u>
    Defendants.
_____/

    Plaintiff is proceeding *pro se* in this action, which was referred to the undersigned pursuant to E. D. Cal. L. R. ("Local Rule") 72-302(c)(21). *See* 28 U.S.C. § 636(b)(1). Defendants have filed motions to dismiss, scheduled for hearing on April 29, 2009. *See* Dckt. Nos. 9, 10, 11.

    Local Rule 78-230(c) provides that opposition to the granting of a motion, or a statement of non-opposition thereto, must be personally served upon the moving party, and filed with this court, no later than fourteen days preceding the noticed hearing date,[1] or, in this case, by April 15, 2009. Local Rule 78-230(c) further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by

---

[1] Electronic or mail service of an opposition upon the moving party must be made seventeen days preceding the scheduled hearing date. Local Rule 78-230(c).

1

that party." Court records reflect that plaintiff has filed neither an opposition or statement of non-opposition to the pending motions.

The only document filed by plaintiff is a County of Sacramento "Access to Records Request Form," which seeks plaintiff's records from the Sacramento County Mental Health Treatment Center. This document, filed on April 17, 2009, Dckt. No. 12, does not respond to the merits of the pending motions to dismiss.

Defendant W.E. Hall Business, Inc. (sued as "We Hall Business") thereafter filed a reply seeking dismissal of the complaint with prejudice on the ground that plaintiff has failed to file an opposition to the pending motions, and because his recent filing is nonresponsive. Dckt. No. 13.

Plaintiff is informed that Local Rule 83-183, governing persons appearing *in propria persona*, provides that failure to comply with the Federal Rules and Local Rules may be ground for dismissal, judgment by default, or other appropriate sanction. "Failure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). *Pro se* litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 11-110.

Accordingly, good cause appearing, IT IS HEREBY ORDERED that:

1. The hearing date of April 29, 2009, is vacated, and continued to May 20, 2009, at 10:00 a.m., in Courtroom No. 25.

2. Plaintiff shall show cause, in writing, no later than May 6, 2009, why sanctions should not be imposed upon him for failure timely to file an opposition or a statement of non-opposition to the pending motions to dismiss.

3. Plaintiff shall also file a written opposition to the motions, or a statement of non-opposition thereto, no later than May 6, 2009. Defendants may file a reply on or before May 13, 2009.

4. Plaintiff is informed that failure to file an opposition or appear at the rescheduled hearing on May 20, 2009, will be deemed a statement of non-opposition, and shall result in a recommendation that this action be dismissed.

5. The court acknowledges the request of defendant W.E. Hall Business, Inc., that it be permitted to appear telephonically at the hearing, or that the pending motions be decided on the papers without a hearing. The court will consider these requests prior to the rescheduled hearing date.

IT IS SO ORDERED.

DATED: April 21, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE