IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DONALD CRAWFORD,

      Plaintiff,

vs.

WE HALL BUSINESS, et al.,

      Defendants.

No. CIV S-08-3105 JAM EFB PS

ORDER AND
FINDINGS AND RECOMMENDATIONS

      Defendants We Hall Company, Inc., dba Pacific Corrugated Pipe Company (sued as "We Hall Business Pacific Corrugated Pipe"),[1] and Wells Fargo Bank, N.A. (sued as "Wells Fargo IRA") move to dismiss plaintiff's complaint filed December 22, 2008.[2] Dckt. Nos. 9, 10. The motions were submitted for decision on the papers on May 26, 2009, after plaintiff adequately

////

////

---

[1] Also named in conjunction with "We Hall" is "Jack Parson and Party." Plaintiff designated Jack Parson as a "co-owner" of "We Hall," *see* Dckt. No. 6, but did not personally serve process upon him, *see* Dckt. Nos. 7 and 8. Parson has not personally appeared in this action.

[2] Although plaintiff initially filed an application to proceed *in forma pauperis*, Dckt. No. 2, he subsequently paid the filing fee, *see* "Receipt" following Dckt. No. 2, and served the complaint on defendants himself, *see* Dckt. Nos. 7 and 8.

1

responded to this court's order to show cause why he had not timely opposed the motions.[3] Dckt. Nos. 14, 18, 19. Plaintiff subsequently filed numerous additional documents, which are addressed below. As of this writing, plaintiff's address is unknown. Plaintiff notified the court on October 13, 2009, that he was imprisoned at Waco State Prison, Dckt. No. 29; however, thereafter, an order of this court has twice been returned from the prison as undeliverable.

BACKGROUND

Following a heading entitled, in pertinent part, "52.1 Civil Gov Code," the one-page complaint provides in full:

> Jurisdiction under 28 U.S.C. [§] 1331 Disability.
>
> Allegations[:] I became disable[d] while attempting to work out a civil law suit that the partys['] buis [sic] came to employment hearing board court under Judge Mandors court in 6-2001 through 12-2001.
>
> And 01-2002 through 3-15-2002 in Superior Court civil suit Judge Gray. All argued by Pac[i]fic WeHall Buis [sic] and ruled in my favor[.] Donald Crawford filed conti[n]uances within time of legal rights before ever closed in Supier [sic] Court. Filed in United Eastern District Court first 1-28-2002 07-2002 03-2003 etc more fileings[sic]. All defaulted.
>
> The relief[:] $5,000,000 and make them confront the courts of there [sic] civil dutys [sic] to pay me Donald Crawford for work and pain and suffering and court fees through out the citys [sic] in courts filed complaints and Eastern and lower Court Superior, Thank you. Donald Crawford.

Defendants We Hall Company, Inc. d/b/a Pacific Corrugated Pipe Company ("We Hall"), and Wells Fargo Bank, N.A. ("Wells Fargo") seek to dismiss plaintiff's complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6), and failure to conform to the pleading requirements of Fed. R. Civ. P. 8, or, alternatively, move for more definite statement, pursuant to Fed. R. Civ. P. 12(e). For the reasons that follow, the court recommends that defendants' motions to dismiss be granted, and that plaintiff's complaint be dismissed without leave to amend.

---

[3] This case proceeds before the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

LEGAL STANDARDS

On a motion to dismiss, the court construes the pleading in the light most favorable to plaintiff and resolves all doubts in plaintiff's favor. *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). The complaint's factual allegations are accepted as true. *Church of Scientology of California v. Flynn*, 744 F.2d 694 (9th Cir. 1984). The court may, without converting a motion to dismiss into a motion for summary judgment, consider facts established by exhibits attached to the complaint. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987); *United States v. Ritchie*, 342 F. 3d 903, 907-908 (9th Cir. 2003). The court may also consider facts which may be judicially noticed, *Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other papers filed with the court, *Mack v. South Bay Beer Distributors*, 798 F.2d 1279, 1282 (9th Cir. 1986).

To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007). "'The pleading must contain something more than a statement of facts that merely creates a suspicion of a legally cognizable right of action.'" *Id.* (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004) (internal punctuation omitted)). Rather, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Weber v. Department of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008) (quoting *Bell*, at 127 S.Ct. at 1974). Factually unsupported claims framed as legal conclusions, and mere recitations of the legal elements of a claim, do not give rise to a cognizable claim for relief. *See Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1951 (May 18, 2009)(citing *Twombly*, 550 U.S. at 555).

The court is mindful of plaintiff's *pro se* status. *Pro se* pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21

3

1  (1972).  Unless it is clear that no amendment can cure its defects, a *pro se* litigant is entitled to
2  notice and an opportunity to amend the complaint before dismissal.  *Lopez v. Smith*, 203 F.3d
3  1122, 1127-28 (9th Cir. 2000) (en banc); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).
4  However, although the court must construe the pleadings of a *pro se* litigant liberally, *Bretz v.*
5  *Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (*en banc*), that liberal interpretation may not
6  supply essential elements of a claim that are not plead.  *Pena v. Gardner*, 976 F.2d 469, 471 (9th
7  Cir. 1992);  *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).
8  Furthermore, "[t]he court is not required to accept legal conclusions cast in the form of factual
9  allegations if those conclusions cannot reasonably be drawn from the facts alleged."  *Clegg v.*
10 *Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).  Neither need the court accept
11 unreasonable inferences, or unwarranted deductions of fact.  *Western Mining Council v. Watt*,
12 643 F.2d 618, 624 (9th Cir. 1981).

13 DISCUSSION

14      While both defendants speculate that plaintiff may be attempting to pursue a disability or
15 personal injury claim, plaintiff has asked the court to postpone judgment in this "wrongful
16 termination case" until his anticipated release from incarceration.  *See* Dckt. No. 29 ("Notice of
17 Change of Address").[4]  Additional documents filed by plaintiff in the instant case, and other
18 records of this court, indicate that plaintiff continues to attempt to pursue claims for
19 discrimination against his former employer, We Hall Business, d/b/a Pacific Corrugated Pipe
20 Company.

21      Plaintiff filed a complaint with the California Department of Fair Employment and
22 Housing ("DFEH") on September 24, 2001, wherein he stated that he was employed as a welder

---

[4] However, plaintiff indicates on his completed Civil Cover Sheet that the instant case presents issues pertaining to "Banks and Banking," "Recovery of Overpayment & Enforcement of Judgment," Real Property, Personal Injury, Truth in Lending, Withdrawal of Bankruptcy, Civil Rights/Employment, Occupational Health/Safety, Fair Labor Standards Act, Copyrights, IRS, and Social Security Disability, Title XVI.  Dckt. No. 1-2.

with Pacific Corrugated Pipe Company from September 15, 2000 to March 12, 2001. *See generally*, Dckt. No. 19, and attached documents. The DFEH complaint alleges that plaintiff was there subjected to a hostile work environment, and then wrongfully terminated, because he is African-American. That complaint provides that plaintiff's supervisor informed plaintiff he was terminated for fighting with another employee, but plaintiff explained that he had been threatened by the coworker and pushed him only in self defense. *Id.* On November 13, 2001,[5] the EEOC informed plaintiff by letter that it was assuming jurisdiction of his complaint and would serve plaintiff's complaint upon his former employer.[6] On December 18, 2001, the EEOC sent plaintiff a letter of "Dismissal and Notice of Rights," which provided that "[b]ased upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes." This notice informed plaintiff that he had a right to file suit, within ninety days, pursuant to Title VII, the Americans with Disabilities Act ("ADA"), or the Age Discrimination in Employment Act ("ADEA"), and two to three years to sue for underpayment, if any, under the Equal Pay Act ("EPA"). *Id.*, Dckt. No. 19, and attached documents.

Review of the Sacramento County Superior Court's docket indicates that plaintiff filed an action against "Pacific Corrugated Pipe Company" and "We Hall Company" on January 2, 2002 (Case No. 02AS00008); further information is not available online.

On July 10, 2002, plaintiff filed another action in this court that is very similar to the instant action, also against Pacific Corrugated Pipe Company and Jack Parson (*Crawford v. Parson et al.*, opened as Misc. No. 02-0023, thereafter proceeded as Civ. No. 02-1488 WBS DAD). The court granted plaintiff's application to proceed *in forma pauperis* but dismissed the

---

[5] This date is assumed by the court, because it is not clear from the copy of the letter provided.

[6] A prior letter, dated October 9, 2001, from the DFEH, informed plaintiff that his complaint had been transferred to another agency, but that plaintiff may nonetheless hold the right to sue within one year, based upon Cal. Gov't Code § 12948 and/or Cal. Civ. Code §§ 51, 51.7 and 54.

5

complaint, with leave to amend, for lack of subject matter jurisdiction, Dckt. No. 4, describing the initial complaint as follows:

> Plaintiff's one-page complaint appears to attempt to allege a cause of action against Jack Parson. The complaint, which is very difficult to decipher, alleges that Mr. Parson is the owner of Pacific Corrugated Pipe Company, plaintiff's former employer, and he unlawfully terminated plaintiff. Construed liberally, the complaint contains allegations that plaintiff was "the only black working in the . . . company" at the time of his employment there, and that he was discriminated against as a result. The complaint also vaguely alleges a conspiracy, and violations of copyright and labor laws. However, the complaint fails to set forth any factual allegations that would give rise to federal jurisdiction. *See* Fed. R. Civ. P. 8(a)(1).[7]

Civ. No. 02-1488 WBS DAD, Dckt. No. 4, at 3-4.

Plaintiff thereafter filed an amended complaint, which the court dismissed without further leave to amend. See Dckt. Nos. 19, 22. The court described the amended complaint thus:

> The amended complaint consists of a single typed page. What the court has construed as the allegations of the amended complaint consists of a block of single-space lines with words, letters, numbers and punctuation marks running together. Among other things, the amended complaint refers to the "CALIFORNIA CIVIL LABOR RIGHTS ENFORCEMENT CODE" and an "EMPLOYMENT DECISION OF TRUTH." It states that "three employees attacked harshly against the note writer donald crawford and police came and I was saved from these and the image of the company to train harsh attacks." The amended complaint ends with a request for "$ONE MILLION OR MORE" and refers to plaintiff's "ANCESTORY." In short, the amended complaint is unintelligible.

Civ. No. 02-1448 WBS DAD, Dckt. No. 19, at 2-3 (fn. omitted (noting numerous other filings that failed to clarify plaintiff's claims)). The court dismissed this action as legally frivolous and for failure to state a claim.

/////

---

[7] The following footnote is an original footnote to the quoted text: "There is some indication that plaintiff is attempting to allege a cause of action for a racially hostile work environment in violation of Title VII of the Civil Rights Act of 1964. Of course, to plead such a claim, a plaintiff must allege that he was subjected to verbal or physical conduct of a racial nature; that the conduct was unwelcome; and that the conduct was sufficiently severe or pervasive to alter the conditions of his employment and create an abusive work environment. *Gregory v. Widnall*, 153 F.3d 1071, 1074 (9th Cir. 1998) (citing *Fuller v. City of Oakland*, 47 F.3d 1522, 1527 (9th Cir. 1995))." No. CIV S-02-1488 WBS DAD, Dckt. No. 4, at 3-4, n. 1.

In 2004, plaintiff filed two more actions in this court. The first, *Crawford v. Wells Fargo Bank*, Misc. No. 04-0002 GEB KJM, filed January 6, 2004, was dismissed due to plaintiff's failure to file a completed *in forma pauperis* application. The second case, filed November 17, 2004 (*Crawford v. We Hall Company*, opened as Misc. No. 04-0362, thereafter proceeded as Civ. No. 04-2452 WBS KJM), was dismissed for failure to file coherent documents that complied with the court's orders.

The many additional documents filed by plaintiff in the instant action include treatment notes from Adult Protective Services and mental health professionals, including different diagnoses and medications, with references to plaintiff living on the streets and in his car, his concerns for his daughters and mo`0r, his applications for Social Security Disability, and hi repeated references to legal pursuits.

It appears that the instant action represents plaintiff's continuing – and untimely – effort to pursue an employment discrimination action against his former employer, We Hall Business, d/b/a Pacific Corrugated Pipe Company. The alleged discrimination took place more than eight years ago, within the six-month period of September 15, 2000 to March 12, 2001. Plaintiff was informed by the EEOC on December 18, 2001 that he then had 90 days (until March 18, 2002) within which to file a Title VII action. *See Surrell v. California Water Service Company*, 518 F.3d 1097, 1104 (9th Cir.2008) (citing 42 U.S.C. § 2000e-5(f)(1)). While plaintiff timely filed a state court action on January 2, 2002, neither the content nor the resolution of that action is apparent to this court. Thereafter, on July 10, 2002, plaintiff filed an already-untimely action in this court against We Hall Business – *Crawford v. Parson et al.*, Civ. No. 02-1488 WBS DAD. Although the court accorded plaintiff adequate opportunity to clarify his contentions in an amended complaint, the amended complaint was "unintelligible" and the action dismissed. Since the ninety-day period for pursuing his Title VII claims had expired before the filing of that action, any applicable tolling should have been presented therein. It was not. Nor did plaintiff seek to clarify these matters in his subsequent action, filed November 2004, against We Hall

7

Business – *Crawford v. We Hall Company*, Civ. No. 04-2452 WBS KJM – also dismissed for failure to file coherent documents.

The time for filing a Title VII action against We Hall has long expired,[8] and plaintiff has set forth no information upon which this court may reasonably infer any other basis for this action. A statute of limitations is intended to accord the defendant repose; plaintiff may not perpetually file the same action over and over again. This court will therefore recommend that plaintiff's complaint be dismissed without leave to amend, as to defendant We Hall Business.[9]

Remaining defendant Wells Fargo should be dismissed from this action for more fundamental reasons. The complaint contains no factual allegations of any kind against Wells Fargo, named only as "Wells Fargo Bank IRA." Review of plaintiff's additional filings in this case demonstrate the following. Plaintiff's Document No. 19 contains an application, on Wells Fargo letterhead, to contribute, roll over, or transfer money in an IRA or other account. The application is undated and only partially completed by plaintiff. Other notations on a Social Security disability application indicate that plaintiff is challenging "copy written rights law of bank IRA negotiation written contracts for benificuarys and employee rights," and "I Donald Crawford have three IRA accounts benificuary of two daughters and my momman for future retirement! funds I D.C. worked for!" *Id.* The court has located no other pertinent documents.

////

---

[8] Plaintiff also cites in his complaint, "52.1 Civil Gov Code." California Civil Code section 52.1 establishes a private cause of action for damages and equitable relief where "a person or persons, whether or not acting under color of law, interferes by threats, intimidation, or coercion, or attempts to interfere by threats, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of this state. . . ." Cal. Civ. Code §§ 52.1(b), (a). This statute accords no more than a three-year statute of limitations, " *Stamps v. Superior Court,* 136 Cal.App.4th 1441, 1449 (2d Dist. 2006), and thus may not serve as a vehicle for the instant action.

[9] If, on the other hand, plaintiff is attempting to pursue a disability claim, he should obtain and file the appropriate documents with the Social Security Administration in the first instance, not this court, and may do so at any time (although he is ineligible for benefits while incarcerated, *see, e.g.*, 42 U.S.C. § 402(x), 20 C.F.R. § 404.468).

1    Thus, neither the complaint nor any other documents filed in this action set forth any
2 factual allegations or cognizable claims against Wells Fargo, or any basis or theory upon which
3 it is reasonable to infer that plaintiff can allege a cognizable claim.  The court will therefore
4 recommend that Wells Fargo be dismissed from this action.

5    Finally, plaintiff has filed four "motions" that remain pending.  Each seeks postponement
6 of the court's decision, and are therefore construed as requests for continuance, pursuant to Local
7 Rule 230(f).  The first matter notified the court of a change of address, based on plaintiff's
8 incarceration and a request for continuance of plaintiff's case until August 25, 2009.  Dckt. No.
9 24.  The second filing requests a "continuance for settlement" to October 25, 2009, based on
10 plaintiff's incarceration in an Orange County Jail.  Dckt. No. 25.  The third matter is a completed
11 *in forma pauperis* application (which nonetheless notes that plaintiff has already paid the filing
12 fee in this action, *see* n. 2, *supra*), asking that judgment "proceed on 11-28-09," based on
13 plaintiff's incarceration at "Central Main Jail."  Dckt. No. 26.  The final document is a "Motion
14 for Set Off Date To 11-27-09," based on plaintiff's custody in Orange County until "11-20-09."
15 Dckt. No. 27.  The first two "motions" will be denied as moot.  The second two "motions,"
16 seeking further delay in the court's decision, will be denied for lack of good cause.

17 CONCLUSION

18    Construing the complaint most favorably to plaintiff, the court finds that plaintiff
19 improperly continues to pursue an untimely employment discrimination action against We Hall
20 Business.  The complaint alleges no facts which, if proven, would support a timely-filed federal
21 claim.  Nor does the complaint state any cause of action against Wells Fargo Bank, or present
22 any basis upon which this court can reasonably infer a cognizable claim.  Thus, the complaint
23 fails to establish this court's jurisdiction or state a claim upon which relief may be granted.  *See*
24 Fed. R. Civ. P. 8, 12(b)(1), (b)(6).  Moreover, amendment of the complaint would be futile.

25    Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that plaintiff's
26 motions for continuance, Dckt. Nos.  24, 25, 26, and 27, are DENIED.

Further, IT IS HEREBY RECOMMENDED that:

1. Defendant We Hall Business' Motion to Dismiss, Dckt. No. 9, be GRANTED;

2. Defendant Wells Fargo Bank's Motion to Dismiss, Dckt. No. 10, be GRANTED;

3. Defendant Wells Fargo Bank be DISMISSED from this action, and plaintiff's complaint be DISMISSED in its entirety without leave to amend; and

4. The Clerk be directed to CLOSE the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 8, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE